**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **TONI R.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 1:25-cv-00400** |
| | : | **Judge Douglas R. Cole** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Toni B. brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on the Commissioner's Motion to Remand this case for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 7.)

The Commissioner requests a remand for further proceedings to further evaluate the consultative examiner report and addendum, including a discussion of supportability. (*Id.* at PageID 651.) Plaintiff opposes the Motion to Remand, instead asking this Court to reverse and remand for an award benefits as of the onset date of October 10, 2020. (ECF No. 8 at PageID 654.)

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing."

*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits.  *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).  The latter is warranted only where "proof of disability is strong and there is no significant evidence to the contrary."  *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).  Moreover, if essential factual issues remain, the Undersigned must instead remand back to the Commissioner for further consideration.  *Id.*

Upon review, although the Undersigned finds that remand is necessary, a judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor have all essential factual issues been resolved.  *Faucher*, 17 F.3d at 176.  Indeed, unresolved questions remain, including as to whether Plaintiff had transferrable skills such that there were sufficient jobs in the national economy that she could perform.  (*See* ECF No. 9, at PageID 661.)   The Undersigned therefore agrees with the Commissioner that under these circumstances, a remand for further consideration, rather than an outright award of benefits, is warranted.

Accordingly, the Undersigned finds that this matter requires remand pursuant to Sentence Four of Section 405(g) for further proceedings concerning the relatively new Social Security Ruling: S.S.R. 24-3p: Use of Occupational Information and Vocational Specialist and Vocational Expert Evidence in Disability Determination, which rescinded and replaced SSR 00-4p.  *See* S.S.R. 24-3p.  In particular, remand is warranted for further evaluation of the consultative examiner report and addendum, including a discussion of supportability, as well as to address outstanding

vocational issues.  (*See* ECF No. 7 at PageID 651; ECF No. 9 at PageID 661.)  On remand, the new rules concerning past relevant work would apply.  *See* S.S.R. 24-3p, n.1.

For these reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th

Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

      **IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*           
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**